IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TV INTERACTIVE DATA CORP., | No. C-02-02385 JSW (EDL) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SUPPLEMENTAL EXPERT REPORTS AND SHIFTING FEES AND EXPENSES FOR FURTHER DISCOVERY NECESSITATED BY REPORTS** |
| v. | |
| MICROSOFT CORPORATION, | |
| Defendant. | |

In this patent infringement case, Defendant served three supplemental expert reports in December 2004, long after expert discovery closed. Plaintiff seeks to strike the supplemental reports on the grounds that they are untimely and prejudicial, and that they raise the invalidity theory of obviousness in a way that had never before been articulated or disclosed. Defendant contends that the supplemental reports simply elaborate on the obviousness defense previously articulated and were necessitated by Judge White's October 2004 summary judgment order. For the reasons stated at the March 15, 2005 hearing and the reasons stated below, the Court makes the following Order.

Defendant's invalidity contentions and initial expert reports contain only very general "place holder" assertions of obviousness as an alternative invalidity defense. Defendant's supplemental reports, by contrast, focus in detail on obviousness based on two prior art references, CDTV and 3DO, that reboot a computer system each time a user wants to autostart an application. Months before, Plaintiff's expert, Christian Hicks, highlighted the reboot issue in his March 2004 report in which he stated that one of the shortcomings of the prior art was that those systems rebooted. See Declaration of Niall MacLeod Exh. 4 at 4. Although Defendant knew of the rebooting issue at least as of March 2004, it did not supplement its reports until December 2004, after Judge White discussed the rebooting issue in his October 2004

summary judgment order. At the hearing, Defendant's counsel stated that Defendant did not respond to Mr. Hicks' March 2004 report because it thought Mr. Hicks had gone outside the claims of the patent and that it was not until Judge White's October 2004 Order that Defendant realized that the reboot issue provided a basis for supplementation.

The Court finds that Defendant was not diligent in supplementing its expert reports. Defendant made a strategic decision that turned out to be mistaken. It only supplemented after Judge White's summary judgment ruling that was unfavorable to Defendant. If Defendant's tardiness interfered with the trial schedule or caused other significant prejudice, the Court would be inclined to grant Plaintiff's motion. However, no trial date has been set and any prejudice to Plaintiff in permitting these supplemental reports can be remedied through cost-shifting and allowing a further motion for summary judgment to be brought, if appropriate.

Therefore, Plaintiff's motion to strike is denied. Defendant shall promptly produce the experts who supplemented their reports for deposition at a time and place convenient for Plaintiff and shall pay Plaintiff's fees and expenses associated with the depositions. The parties shall meet and confer regarding the scope of other discovery, if any, occasioned by Defendant's belated supplementation. Any costs incurred by Plaintiff associated with that additional discovery shall be shifted to Defendant. After conducting further discovery, if Plaintiff has a good faith basis for a summary judgment motion that it wishes to file addressing the obviousness issues raised in the supplemental expert reports, this Court believes that such a motion would be appropriate, subject to Judge White's approval. Defendant stated at the hearing that it would not oppose an order permitting a further summary judgment motion.

**IT IS SO ORDERED.**

Dated: March 15, 2005     /electronic signature authorized/
ELIZABETH D. LAPORTE
United States Magistrate Judge

2