IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TV INTERACTIVE DATA CORPORATION, | No. C 02-02385 JSW |
| Plaintiff, | |
| v. | **ORDER DENYING MICROSOFT'S MOTION FOR CERTIFICATE OF APPEAL AND DENYING REQUEST FOR A STAY** |
| MICROSOFT CORPORATION, | |
| Defendant. | |

Now before the Court is the motion of Defendant Microsoft Corporation. ("Microsoft") for certification of interlocutory appeal under 28 U.S.C. § 1292(b). Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby DENIES Microsoft's motion for certificate of appeal and DENIES the request to stay.

The Court held a claims construction on August 5, 2003 and construed the ten disputed claim terms in an order dated December 9, 2003. In its claim construction order, the Court addressed the construction of the disputed term "initialization file." (Order at 5-7.) TVI advanced the construction of the term to be "a file which, alone or in combination with other file(s), contains information or data used or referenced to start up or configure computer software and/or hardware." Microsoft proposed that the Court construe the disputed term to

mean "an autostart driver, i.e., a device driver capable of automatically starting a process."

The Court recognized, however, that the construction of the term to conform with its ordinary meaning rendered some of the claims in some of the patents incomprehensible "because some of the claims describe the initialization file as an active ongoing process that facilitates media detection, file checking and starting further processes each time a compatible file is found." (Order at 7, citing for example, claims 6 and 14 of the '532 patent, Col. 52:8-13, 43-47.)

On October 13, 2004, this Court denied Microsoft's motion for summary judgment on three of the patents in suit, on the basis that the term "initialization file" had been construed in a manner which renders wholly inconsistent the claim terms with the patent specification. The Court determined that the inconsistent, dependent and unasserted claims did not "infect" the independent and asserted claims which use the term initialization file according to its ordinary meaning.

On February 10, 2005, Microsoft moved this Court for certification of interlocutory appeal pursuant to 28 U.S.C. § 1292(b) on the issue: whether internal inconsistencies between the claims and the specification, and between common terms in dependent and independent claims, render all claims using the inconsistent terminology invalid under 35 U.S.C. § 112, ¶ 2.

The Court has discretion to certify an interlocutory order for appeal when (1) the order involves a controlling issue of law; (2) there is substantial ground for differences of opinion as to that question; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). Certification for interlocutory appeal should be applied sparingly and only granted in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation. *See, e.g., United States v. Woodbury*, 263 F.2d 784, 788 n.11 (9th Cir. 1959); *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982).

The resolution of the issue would not affect the presence of the '307 patent in the remaining litigation. The trial would only be simplified and possibly shortened to some extent, but not materially advanced, by the elimination of the three subsequent patents. Furthermore,

1  this Court has set an upcoming trial date in this matter and the case has been pending since May
2  of 2002. Piecemeal appeal is not warranted. Because the Court finds that the issue would not
3  materially advance the ultimate termination of this litigation, it does not need to address
4  whether the order concerns a controlling issue of law that involves a substantial ground for
5  difference of opinion.
6      For the reasons set forth herein, Microsoft's motion for certification of interlocutory
7  appeal is DENIED. Because the Court has denied the motion for certification, there is no cause
8  for a stay of this action. Thus, Microsoft's request for a stay is therefore DENIED.

10  **IT IS SO ORDERED.**
11  Dated: April 26, 2005            /s/ Jeffrey S. White
                                                          JEFFREY S. WHITE
12                                                            UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

3