IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TV INTERACTIVE DATA CORP.,

    Plaintiff,

v.

MICROSOFT CORPORATION,

    Defendant.

No. C 02-02385 JSW

**NOTICE OF TENTATIVE RULING AND QUESTIONS**

    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON JUNE 17, 2005:

    The Court **tentatively DENIES** Microsoft's motion for partial summary judgment of no willful infringement and limiting damages to post-suit inducement. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *See* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The parties shall each have 15 minutes to address the following questions:

1. Is the standard for knowledge as a predicate for willful infringement that defendant have actual knowledge, or is constructive knowledge sufficient? (*See, e.g., Insituform Technologies, Inc. v. Cat Contracting, Inc.*, 161 F.3d 688, 695 (Fed. Cir. 1998) and *Keystone Retaining Wall Systems, Inc. v. Westrock, Inc.*, 22 U.S. P.Q.2d 1001, 1003 (D. Ore. 1991), *rev'd on other grounds*, 997 F.2d 1444 (Fed. Cir. 1993).) Is deliberate avoidance sufficient to demonstrate constructive knowledge in this context?

2. In a highly factual determination of knowledge and intent, and for the purposes of summary judgment, mustn't the Court accept as true all facts and inferences as alleged by Plaintiff? Succinctly stated, what is Plaintiff's best evidence of knowledge in support of its claims of willful pre-suit infringement?

3. Can Microsoft immunize itself from liability for contributory infringement by simply combining additional software applications with the patented application? How can Microsoft contend their product constitutes a staple commodity if Windows includes Autoplay, which runs automatically upon start up? Regardless, is the question whether the product has substantial noninfringing uses a material question of disputed fact? *(See, e.g., ImageExpo, LLC v. Microsoft Corp.*, 284 F.Supp.2d 365, 367 n.1 (E.D. Va. 2003).)

4. Do the parties wish to argue the significance of the recent authority submitted by Plaintiff?

5. Should the Court adopt its tentative (in a written order to follow), what parts of Plaintiff's outstanding motion for summary judgment remain at issue?

6. Do the parties wish to address any other issues?

**IT IS SO ORDERED.**

Dated: June 16, 2005

　　　　　　　　　　　　　　　　　　　　　　/s/ Jeffrey S. White
　　　　　　　　　　　　　　　　　　　　　　JEFFREY S. WHITE
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28