IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TV INTERACTIVE DATA CORPORATION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MICROSOFT CORPORATION,<br><br>　　　　Defendant.<br>_____/ | No. C 02-02385 JSW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MICROSOFT'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO WILLFUL INFRINGEMENT AND LIMITING DAMAGES CLAIMS TO POST-SUIT INDUCEMENT** |

Now before the Court is the motion of Defendant Microsoft Corporation ("Microsoft") for partial summary judgment of no willful infringement and limiting TV Interactive Data Corporation's ("TVI") damages to post-suit inducement. Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby GRANTS IN PART and DENIES IN PART Microsoft's motion for partial summary judgment.

**A.    Standard on Summary Judgment.**

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Union States Gypsum Co. v. Nat'l Gypsum Co.*, 74 F.3d 1209, 1212 (Fed. Cir. 1996). The burden of demonstrating the absence of any genuine issue of material fact rests with the moving party. *SRI Int'l v. Matsushita Elec. Corp.*, 775 F.2d 1107, 1116 (Fed. Cir. 1985). In order to defeat summary judgment, the non-moving party must do "more than simply show that there is some

metaphysical doubt as to the facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, the non-moving party must set forth "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(2); *Matsushita Elec. Indus. Co.*, 475 U.S. at 587.

**B.     Microsoft's Motion for Partial Summary Judgment Precluding Damages for Pre-Suit Willful Infringement is Denied**.

Microsoft contends that it is entitled to partial summary judgment to preclude pre-suit willful infringement damages because TVI cannot meet its burden of proving Microsoft had pre-suit knowledge of TVI's patents. Section 284 of the Patent Act provides that "the court may increase the damages up to three times the amount found or assessed." 35 U.S.C. § 284. Under this section, it is within the discretion of the court to award increased damages when "the infringer acted in wanton disregard of the patentee's patent rights, that is, where infringement is willful." *Id.*; *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 826 (Fed. Cir. 1992). Willfulness is a question of fact determined from the totality of the circumstances and must be proven by clear and convincing evidence. *Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 510 (Fed. Cir. 1990).

In determining whether the infringement was willful, the primary focus is on the infringer's intent and reasonable beliefs. *Ortho Pharm. Corp. v. Smith*, 959 F.2d 936, 944 (Fed. Cir. 1992). One who has actual notice of the patent rights of another has an affirmative duty to diligently ascertain whether he or she is infringing the patent. *Stryker Corp. v. Intermedics Orthopedics, Inc.*, 96 F.3d 1409, 1414-16 (Fed. Cir. 1996). Thus, in order to prove that a defendant willfully infringed, a plaintiff must prove by clear and convincing evidence that the defendant had actual notice of the patent. *See Gustafson, Inc.*, 897 F.2d at 511 (holding that "a party cannot be found to have 'willfully' infringed a patent of which he had no knowledge"). However, at the summary judgment stage, a plaintiff need only set forth specific facts showing that there is a genuine issue of material fact for trial regarding the existence of defendant's knowledge. *See Matsushita Elec. Indus. Co.*, 475 U.S. at 587; *Gustafson, Inc.*, 897 F.2d at 511.

The Court finds that TVI has set forth specific facts showing that there is a genuine issue of material fact for trial regarding whether Microsoft willfully infringed TVI's patents before the suit was filed. At a minimum, the reference to TVI's '156 patent on a form attached to an Office Action during the prosecution of one of Microsoft's patents which was forwarded by outside counsel to Microsoft's in-house counsel, indicates that there is a genuine issue of material fact as to whether Microsoft had actual notice of the '156 patent at that time. *See Stryker*, 96 F.3d at 1415 (concluding that the infringer had actual notice of the patent when a patent attorney for the company saw a drawing and reference to the patent in the Official Gazette of the Patent and Trademark Office); *Great No. Corp. v. Davis Core & Pad Co., Inc.*, 782 F.2d 159, 166-67 (Fed. Cir. 1986) (concluding that the infringer had actual notice of the patent when a third party mentioned to the president of the company that there was a similar product on the market that had been patented). In addition, there is a genuine issue of material fact as to whether Microsoft is liable for pre-suit willful infringement of the '307, '863 and '532 patents. *See Crystal Semiconductor Corp. v. TriTech Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1352-57, 1361 (Fed. Cir. 2001) (upholding enhanced damages for willful infringement of patents based on damages calculated from the date the infringer had pre-suit notice of another related patent-in-suit even though notice of the subject patents occurred at the time suit was filed). Accordingly, Microsoft's motion for partial summary judgment of no pre-suit willful infringement is DENIED.

**C.    Microsoft's Motion for Partial Summary Judgment Precluding Damages for Pre-Suit Inducement is Denied**.

Microsoft also contends that it is entitled to partial summary judgment to preclude pre-suit damages for inducement because TVI cannot meet its burden of proving Microsoft had knowledge of TVI's patents before suit was filed. Section 271(b) of the Patent Act provides that "whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). To prove that a defendant has induced infringement, a plaintiff must demonstrate "that the alleged infringer's actions induced infringing acts and that he knew or should have known his actions would induce actual infringements." *Manville Sales Corp. v.*

3

1  *Paramount Sys., Inc.*, 917 F.2d 544, 553 (Fed. Cir. 1990).  In addition, a plaintiff must
2  demonstrate that the alleged infringer knowingly induced infringement with a "specific intent to
3  encourage another's infringement and not merely that the defendant had knowledge of the acts
4  alleged to infringe."  *Id*.  Thus, in order for induced infringement to have taken place, the
5  defendant must have known of the patent at the time the alleged infringement was induced.  *See*
6  *id*.

7  According to the analysis set forth above, the Court finds that there is a genuine issue of
8  material fact as to when Microsoft had actual notice of the '156 patent and whether Microsoft is
9  liable for pre-suit inducement of the '307, '863 and '532 patents.  Thus, Microsoft's motion for
10 partial summary judgment precluding pre-suit damages for inducement is DENIED.

**D.     Microsoft's Motion for Partial Summary Judgment Precluding Damages for Direct Infringement is Denied.**

Microsoft further alleges that the Court should dismiss *in toto* TVI's claim for damages for direct infringement because Windows™ lacks the essential hardware required by the limitations in TVI's claims at issue.  Section 271 of the Patent Act states that "whoever without authority makes, uses, offers to sell, or sells any patented invention within the United States . . . infringes the patent."  35 U.S.C. § 271(a).  A determination of infringement is a two-step process.  *Desper Prods. v. Qsound Labs., Inc.*, 157 F.3d 1325, 1332 (Fed. Cir. 1998).  First, the court must construe the claim to determine its meaning and scope.  *Id*. (citing *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995)).  Second, the properly-construed claim must be compared to the allegedly infringing device.  *Id*.  A device literally infringes if each of the elements of the asserted claim is found in the accused device.  *Bayer AG v. Elan Pharm. Research Corp.*, 212 F.3d 1241, 1247 (Fed. Cir. 2000).  However, a device that does not literally infringe a patent claim may still infringe under the doctrine of equivalents if the accused product contains "elements identical to or equivalent to each claimed [limitation] of the patented invention."  *Warner-Jenkinson Co., Inc., v. Hilton Davis Chem. Co.*, 520 U.S. 17, 40 (1997).

4

"To prove infringement under the doctrine of equivalents, a patentee must show that the accused device performs substantially the same function in substantially the same way to achieve substantially the same result." *Malta v. Shulmerich Carillons, Inc.*, 952 F.2d 1320, 1325 (Fed. Cir. 1991). However, courts should not examine the patented and accused inventions for "overall" equivalence. *Warner-Jenkinson*, 520 U.S. at 40. Rather, courts must determine that each element of the accused device is equivalent to a limitation from the patent claim. *Id*. An element in the accused product is equivalent to a claim element if one skilled in the art would find the difference between the two "insubstantial." *See id*. at 39-40.

Although equivalence is a factual matter normally reserved for a jury, a court may grant summary judgment in any case where no reasonable jury could find equivalence. *Sage Prods., Inc. v. Devon Indus., Inc.*, 126 F.3d 1420, 1423 (Fed. Cir. 1997). However, the Court finds that TVI has set forth specific facts that indicate there is a genuine issue for trial regarding whether Windows™ directly infringes TVI's patents. Specifically, although TVI's claims have been construed to require a hardware device, there is a dispute of material fact as to whether Windows™ may infringe under the doctrine of equivalents. *See Fantasy Sports Props., Inc. v. Sportsline.com, Inc.*, 287 F.3d 1108, 1118-19 (Fed. Cir. 2002) (concluding software enabling a user to play fantasy football directly infringed a claim interpreted as a computer executing fantasy football software); *Overhead Door Corp. v. Chamberlain Group, Inc.*, 194 F.3d 1261, 1269-70 (Fed. Cir. 1999) ("[A]ny software process can be transformed into an equivalent hardware process, and any hardware process can be transformed into an equivalent software process."). Accordingly, Microsoft's motion for partial summary judgment dismissing *in toto* TVI's claim for damages for direct infringement is DENIED.

### E. Microsoft's Motion for Partial Summary Judgment Precluding Damages for Contributory Infringement is Granted.

Finally, Microsoft argues that TVI's claim for damages for contributory infringement should be dismissed because Windows™ is a staple article of commerce with substantial non-infringing uses, or, in the alternative, TVI should be limited to post-suit damages for contributory infringement because TVI cannot prove Microsoft had actual knowledge of TVI's patents before suit was filed. A contributory infringer is defined by section 271(c) of the Patent

5

Act as one who "sells a component . . . constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in the infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use . . . ." 35 U.S.C. § 271(c). Hence, the language of § 271(c) excludes from its scope a staple article or commodity with a substantial non-infringing use that has not been especially made or adapted for use in infringing the patent. *Id.*; *see also C.R. Bard, Inc. v. Advanced Cardiovascular Sys., Inc.*, 911 F.2d 670, 673 (Fed. Cir. 1990). A non-staple article has been defined as "one which was designed to carry out the patented process and has little or no utility outside of that process." *Polysius Corp. v. Fuller Co.*, 709 F. Supp. 560, 576 (E.D. Pa. 1989), *aff'd*, 889 F.2d 1100 (Fed. Cir. 1989). To determine whether a product is a staple of commerce, a court must look at the entire device and not just the part capable of practicing the claims of the patent at issue. *See Hodosh v. Block Drug Co.,* 833 F.2d 1575, 1578 (Fed. Cir. 1987).

   The Court finds that Microsoft is entitled to partial summary judgment in its favor precluding the award of damages for contributory infringement. Looking at Windows™ as a whole, TVI cannot meet its burden of proving that it has no other substantial non-infringing uses. To the contrary, Windows™ has numerous substantial features that are unrelated to AutoPlay, each with its own utility, including application multi-tasking, a file search feature, a help system, safeguards to prevent a computer crash and utilities to copy, move, delete and rename files, among others. *See, e.g.*, *C.R. Bard,* 911 F.2d at 674 (finding substantial non-infringing use when forty to sixty percent of the uses may have been non-infringing); *Universal Elecs., Inc. v. Zenith Elecs. Corp.*, 846 F. Supp. 641, 652 (N.D. Ill. 1994) (finding Universal remote control transmitter to be a staple article of commerce suitable for substantial non-infringing use because it could operate many electronic devices not manufactured by Zenith). In addition, TVI has put forward no evidence suggesting that Windows™ was designed in order to carry out AutoPlay and has little or no use outside of that function. Accordingly, there is no genuine issue of material fact that Windows™ is a staple article of commerce with substantial non-infringing uses and therefore Microsoft's motion for partial summary judgment precluding

damages for contributory infringement is GRANTED.[1]

## CONCLUSION

For the foregoing reasons, Microsoft's motion for partial summary judgment of no willful infringement and limiting TVI's damages to post-suit inducement is hereby GRANTED IN PART and DENIED IN PART.

**IT IS SO ORDERED.**

Dated: August 10, 2005

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] In addition to proving that an infringing device is a non-staple article of commerce in order to recover damages for contributory infringement under § 271(c), TVI would also have had to prove that Microsoft had actual knowledge of its patents. *Hewlett-Packard Co. v. Bausch & Lomb, Inc.*, 909 F.2d 1464, 1469 n.4 (Fed. Cir. 1990). Had the Court found that summary judgment precluding damages for contributory infringement was inappropriate, there would have been a genuine issue of material fact as to whether Microsoft had actual knowledge of TVI's patents prior to the commencement of this action, such that summary judgment limiting contributory infringement damages to those accruing post-suit would have been inappropriate on that ground as well. *See supra* Part B.