IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TV INTERACTIVE DATA CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>MICROSOFT CORPORATION,<br><br>    Defendant. | No. C 02-02385 JSW<br><br>**ORDER DENYING MICROSOFT'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF CLAIM CONSTRUCTION** |

    Now before the Court is the motion of Defendant Microsoft Corporation. ("Microsoft") for leave to file a motion for reconsideration of the claim construction order in view of *Phillips v. AWH Corporation*, 415 F.3d 1303 (Fed. Cir. 2005).  Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby DENIES Microsoft's motion.

    A party moving for reconsideration must first seek leave of the court to file such a motion and must specifically demonstrate:  (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought; or (2) the emergence of new material facts or change of law occurring after the time of such order; or (3) a manifest failure

1  by the Court to consider material facts or dispositive legal arguments which were presented to
2  the Court before such interlocutory order.  Civil L.R. 7-9(a) and (b); *see also School District*
3  *No. 1J v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  The moving party may not
4  reargue any written or oral argument previously asserted to the Court.  Civil L.R. 7-9(c).

5        Microsoft has failed to make this requisite showing.  The Federal Circuit's recent
6  decision in *Phillips* is a restatement of well-established precedent governing claim construction,
7  with the potential exception of the relative importance of extrinsic sources like dictionaries,
8  treatises, and encyclopedias.  The Federal Circuit rejected the position in *Texas Digital Systems,*
9  *Inc. v. Telegenix*, 308 F.3d 1193 (Fed. Cir. 2002), that courts should elevate such extrinsic
10 sources over intrinsic sources.  The *Phillips* court rejected the presumption created by *Texas*
11 *Digital* in favor of dictionary definitions, and relegated dictionaries back to the list of extrinsic
12 evidence courts may consult, without trumping the construction of claim terms suggested by the
13 claim language itself, the specification, and the prosecution history.  *Phillips*, 413 F.3d at 1315-
14 17.

15       This Court's December 9, 2003 Claim Construction Order does not elevate dictionary
16 definitions, treatises or encyclopedias over the intrinsic evidence governing TV Interactive's
17 patents.  The Court indicated that "[i]n construing the claims, the court must begin with an
18 examination of the claim language itself." (Claim Construction Order at 2.)  The Court
19 indicated that the "analytical focus must begin and remain centered on the language of the
20 claims themselves, for it is that language that the patentee chose to use to particularly point out
21 and distinctly claim the subject matter which the patentee regards as his invention." (*Id.*, citing
22 *Texas Digital*, 308 F.3d at 1201-02.)  Further, the Court clearly indicated that the words of the
23 claim must be interpreted light of the intrinsic evidence in the record, and that such intrinsic
24 evidence is the "most significant source of the legally operative meaning of the disputed claim
25 language." (*Id.*, citing *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir.
26 1996.)

Because the Court did not elevate the dictionary definition of any particular term over the meaning as set forth in the specification, the Federal Circuit's recent decision in *Phillips* does not present a material difference in law from that which was presented to the Court before entry of its Claim Construction Order.[1]  Therefore, the Court DENIES Microsoft's motion for leave to file a motion for reconsideration of this Court's December 9, 2003 Claim Construction Order.

**IT IS SO ORDERED.**

Dated:   August 25, 2005

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] In fact, the only instance in which the Claim Construction Order addressed dictionary definitions was with regard to the construction of the term "instructions," in which the Court rejected Microsoft's dictionary definition as "inconsistent with the use of the term . . . in both the language of the claims and the language of the specification." (Claim Construction Order at 15.)  This construction is entirely consistent with the approach set forth in *Phillips*.  413 F.3d at 1315-17.