IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TV INTERACTIVE DATA CORPORATION, | No. C 02-02385 JSW |
| Plaintiff, | |
| v. | **ORDER DENYING IN PART AND GRANTING IN PART TV INTERACTIVE DATA'S MOTION FOR SUMMARY JUDGMENT** |
| MICROSOFT CORPORATION, | |
| Defendant. | |

Now before the Court is the motion of Plaintiff TV Interactive Data Corporation ("TVI") for summary judgment. Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby DENIES IN PART AND GRANTS IN PART TVI's motion for summary judgment. According to the parties' representations and the Court's prior rulings on the motions for summary judgment filed by Defendant Microsoft Corporation ("Microsoft"), the only remaining issues before the Court are the affirmative defenses of inequitable conduct and laches. The Court DENIES summary judgment as to the inequitable conduct affirmative defense and GRANTS summary judgment as to the laches affirmative defense.

### A. Legal Standard on Summary Judgment.

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Union States Gypsum Co. v. Nat'l Gypsum Co.*, 74 F.3d 1209, 1212 (Fed. Cir. 1996). The burden of demonstrating the absence of any genuine issue of material fact rests with the moving party. *SRI Int'l v. Matsushita Elec. Corp.*, 775 F.2d 1107, 1116 (Fed. Cir. 1985). In order to defeat summary judgment, the non-moving party must do "more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, the non-moving party must set forth "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(2); *Matsushita Elec.*, 475 U.S. at 587.

### B. Inequitable Conduct.

To establish inequitable conduct, Microsoft must prove by clear and convincing evidence that TVI's investors (1) made affirmative misrepresentations of a material fact to, or purposely withheld material prior art from, the Patent and Trademark Office ("PTO"), and (2) that they did so with an intent to deceive the PTO into issuing the patents. *Molins PLC v. Textron, Inc.,* 48 F.3d 1172, 1178 (Fed. Cir. 1995). Microsoft alleges that TVI is guilty of inequitable conduct because it failed to disclose the 3DO system comprehensively and because it failed to disclose Commodore's CDTV as prior art. Because the Court finds that the evidence is disputed regarding TVI's knowledge of these systems and their similarity to the patented technology, the Court must deny summary judgment as to the inequitable conduct affirmative defense. Although inequitable conduct is a matter for the court rather than the jury to resolve, summary judgment is inappropriate if there remain genuine issues of material fact. *Paragon Podiatry Lab., Inc. v. KLM Labs., Inc.,* 984 F.2d 1182, 1190 (Fed. Cir. 1993).

### C. Laches.

TVI moves for summary judgment against Microsoft's affirmative defense of laches. Microsoft contends that the complaint, filed on May 16, 2002, is barred by the doctrine of laches due to unreasonable delay in filing. The complaint was filed five years after the first patent-in-suit was issued by the PTO and seven weeks after the last patent-in-suit was issued.

To successfully invoke laches as an affirmative defense, a defendant must prove that the plaintiff delayed filing suit an unreasonable and inexcusable length of time after the plaintiff knew or reasonably should have known of its claim against the defendant and that the delay resulted in material prejudice to the defendant. *State Contracting & Engineering Corp. v. Condotte America, Inc.*, 346 F.3d 1057, 1065-66 (Fed. Cir. 2003); *Gasser Chair Co., Inc. v. Infanti Chair Mfg. Corp.,* 60 F.3d 770, 773 (Fed. Cir. 1995). Once those factual premises are established, the Court must weigh the equities in order to assess whether laches should apply to bar those damages that accrued prior to suit. *Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.,* 988 F.2d 1157, 1161 (Fed. Cir. 1993); *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.,* 960 F.2d 1020, 1041 (Fed. Cir. 1992). Because the period of delay in this case was less than six years, prejudice cannot be presumed. *See Aukerman,* 960 F.2d at 1035-36. Accordingly, in order to establish their defense of laches, Microsoft must demonstrate that the delay was unreasonable, inexcusable and materially prejudiced them.

Material prejudice may be either economic or evidentiary. *Id.* at 1033. Economic prejudice arises when a defendant suffers the loss of monetary investments or incurs damages that likely would have been prevented by earlier suit. *Id.* A nexus must be shown between the patentee's delay in filing suit and the expenditures; the alleged infringer must change his position "because of and as a result of the delay." *Hemstreet v. Computer Entry Sys. Corp.,* 972 F.2d 1290, 1294 (Fed. Cir. 1992); *see also Gasser Chair,* 60 F.3d at 775 ("We reiterate that a change in the economic position of the infringer during the period of delay must be as a result of the delay; the infringer must prove that the change in economic position would not have occurred had the patentee sued earlier.").

Microsoft contends that it incurred economic prejudice because with earlier knowledge of potential infringement, it might have changed the design of Autoplay. (*See* Declaration of Kelly C. Hunsaker, Ex. LL, Wagner Depo. at 160:25-161:19, 222:3-19.) However, it is undisputed that Microsoft was on notice of TVI's patent rights as of January 1999 when the patent examiner rejected Microsoft's application as anticipated by the Redford patent. (*See* Second Declaration of Niall A. MacLeod, Ex. 35.) There is no evidence in the record that

3

Microsoft had any plans to change the design of Autoplay at any time between notice and TVI's filing of this lawsuit. The damages Microsoft avers does not establish that it changed its position "because of and as a result of the delay." *See Hemstreet,* 972 F.2d at 1294. Monetary losses are not merely those attributable to a finding of liability for infringement. The Court must look for a change in the economic position of the alleged infringer during the period of delay. *See Aukerman,* 960 F.2d at 1033. Microsoft has failed to establish the kind of economic prejudice that is required to support a finding of laches.

Evidentiary prejudice arises where the plaintiff's delay impairs the defendant's ability to defend a patent suit on the merits "due to the loss of records, the death of a witness, or the unreliability of memories of long past events, thereby undermining the court's ability to judge the facts." *Id.* Here, however, the passage of time and the potential evidentiary prejudice appears to favor Microsoft, not to work at its disadvantage. The evidence related to TVI's reduction to practice arguments would have benefitted TVI and Microsoft's failure to find its own e-mails from 1993 is unrelated to the timing of this lawsuit and arises from its own failure to preserve all patent-related materials for thirty years, as required by its retention policy.

Accordingly, TVI's motion for summary judgment as to the inequitable conduct affirmative defense is DENIED and as to the laches affirmative defense is GRANTED.

**IT IS SO ORDERED.**

Dated: September 19, 2005

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4